[Coshocton (5th) Circuit Court, November Term, 1911.]

Voorhees, Shields and Powell, JJ.

*CURTIS E. SMITH v. PITTSBURG, C. C. & ST. L. RY.

**Passenger Without Looking, Attempting to Cross Railroad Tracks on Platform to Take Train, Anticipating Approach, is Negligent Precluding Recovery, Notwithstanding no Warning Given and Train Ran on Different Track than he Expected.**

A passenger, injured by colliding with a train on which he intended taking passage, the approach of which he was anticipating and could have seen if he had looked before attempting to cross over a plank platform between the rails of one track to reach a platform between that and a parallel track on which he mistakenly believed the train would come, is guilty of contributory negligence precluding recovery, notwithstanding no whistle was sounded or bell rung to warn him of the train's approach.

[Syllabus approved by the court.]

ERROR to common pleas court.

*Anderson & Anderson*, for plaintiff in error.

*Frank E. Pomerene*, for defendant in error.

**SHIELDS, J.**

This is a proceeding in error to reverse the judgment of the court of common pleas of this county in an action brought by Curtis E. Smith against the Pittsburg, Cincinnati, Chicago and St. Louis Railway Company to recover for personal injuries claimed to have been sustained by him by reason of the negligence of the defendant company.

The plaintiff in error complains of the action of the court below in several respects, as appears in his petition in error filed herein for the reversal of said judgment, but the principal error complained of, and which alone was argued to this court, is that said court erred in directing the jury to return a verdict for the defendant company, at the close of the plaintiff's testimony, upon the motion of the defendant company, because the plaintiff's testimony failed to show negligence upon the part of

---

*Affirmed, no op., Smith v. Railway, 88 O. S. 586.

Smith v. Railway.

the defendant company, and because said testimony clearly showed negligence on the part of the plaintiff which directly contributed to his injuries.

From the record in this case it appears that railroad tracks were located on either side of the defendant company's passenger station at Carnegie, Pennsylvania, where the accident resulting in the plaintiff's injuries occurred. That the tracks on the north side of said station were used by the trains of the defendant company running to and from Pittsburg, Pennsylvania, from Carnegie and to points beyond. That two platforms were constructed about said station, on the north side thereof, for the convenience and accommodation of passengers taking passage on said trains— one immediately up to and along the side of said station, running several feet eastwardly, and extending in width close to the inner rail of the first of said tracks nearest to said station, and the other between the second and third rails of said tracks running parallel with said first described platform, and for about the same distance. That a plank walk was also constructed between said named platforms, running north and south.

That the plaintiff below was at said company's station on the day of said accident and procured transportation from Carnegie to Pittsburg. That at said time and place there was present on and about said platforms and in and about said station a large number of people. That about the time said train which said plaintiff intended taking for Pittsburg was due at Carnegie, and was approaching said station, he hastily made his way through the throng of people assembled on said first named platform, for the purpose of crossing over said plank walk to said second platform, to enable him to go aboard said train from that place, supposing and believing, as he testified, that said train would enter and stop upon the tracks immediately north of said second described platform, at said station, and in so doing the pilot on the engine attached to said approaching and moving train struck him, causing the injuries complained of.

An examination of the record in this case shows that the plaintiff below was not a total stranger to the surroundings about said station, and while, perhaps, it cannot be said he was

familiar with them, he testified that he had before that time taken passage on the defendant company's trains several times from said station to Pittsburg, so that he had some knowledge of the location of the tracks and property conditions in and about said station.

Counsel for plaintiff in error contend that the testimony shows that the plaintiff in error in attempting to cross over said plank walk between the said platforms was because he believed it was necessary for him to do so that he might enter a car of said train from the second named platform. If such was his belief it was a mistaken belief, for the testimony shows that the defendant company's trains running to Pittsburg, ordinarily at least, approached said train upon the tracks south of said platform, and not north of it, and the plaintiff's own testimony leaves the matter in no little doubt as to what he himself thought in this respect, for he testified that he entered said company's cars in going to Pittsburg sometimes from one platform, and at other times another.

But aside from this phase of the case, connected as it is with the implied invitation of the company for its passengers to cross over on said plank walk to the second platform to take passage on the trains, it is contended by the plaintiff in error that said company was guilty of negligence in not signaling its approach to said station by ringing the bell and sounding the whistle on the engine attached to said train. While we recognize that the failure to do this might be such negligence as to subject the said company to liability, under certain conditions, in case of an accident, and if in the exercise of ordinary care it was necessary to do so, even as a precautionary measure for the safety of the people gathered in and about said station, and assuming that said company, through its employes, in charge of said train, was negligent in this respect, the inquiry arises as to whether the plaintiff in error was free from fault? While said company, in the exercise of ordinary care, was required to provide and maintain such accommodations at said station as were reasonably safe and adequate to protect him against accident and danger, it was likewise incumbent upon the plain-

tiff in error to use like care for his own safety. What does the record disclose in this respect?

By referring to pages 65 and 66 of the record, the plaintiff in error, on cross-examination, when interrogated upon the incidents immediately preceding the accident, testified as follows:

Q. Do you still say that you couldn't have stood at the outer edge of the platform where others were standing at the platform and look down the track a piece?

A. I could if I was on the track.

Q. I mean before you stepped down on the track.

A. I might if I had walked up and peeked out around.

Q. Any difficulty in seeing a part of the way down the track?

A. It isn't customary for people to do that.

Q. Couldn't you have done that?

A. I suppose I could.

Q. There wasn't the slightest difficulty before you stepped down on the track?

A. If I had stopped there somebody would have bumped against me or knocked me over. I have no right to blockade the way.

This testimony furnishes its own comment. The witness, if he did not see the approaching train before reaching the edge of the platform, knew it was about due, and yet with this knowledge, he attempted to pass over the crossing without looking for the train, as he testified, and was injured. Surely he could not with his eyes wide open walk into the presence of danger for had he looked there was nothing to prevent him from seeing the approaching train, and then make a claim for damages against the company because the bell on its engine was not rung nor the whistle sounded.

And so, too, if he could have seen the train and avoided the accident by the exercise of ordinary care on his part, he is not entitled to recover. And further, if before attempting to cross said walk leading from the first to the second platform, he was in such position as that he could have known and ought

Coshocton County Circuit.

to have known of the approaching train and the danger confronting him, and with this knowledge undertook to cross said walk and was injured in so doing, he was guilty of such contributory negligence as would defeat his right to a recovery.

"A passenger awaiting the arrival of his train, is bound to use reasonable care for his own protection while on the company's premises, and failing to do so will be denied a recovery in case of a resulting injury."

For the reasons stated, we think there was no error in the action of said common pleas court in directing the jury to return a verdict for the defendant below, and the judgment of said court will therefore be affirmed, with costs. Exceptions noted.

**Voorhees** and **Powell, JJ.**, concur.

---

## CRIMINAL LAW—INTOXICATING LIQUORS.

[Cuyahoga (8th) Court of Appeals, March 25, 1913.]

Jones, Metcalfe and Ferneding, JJ.

(Judge Jones of the 4th district, Judge Metcalfe of the 7th district, and Judge Ferneding of the 2nd district, sitting by designation, in place of Winch, Meals and Grant, JJ.)